# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-0252V
### Filed: October 6, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JOSEPH WILLETT, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| | * | Hepatitis B Vaccine; Shoulder Injury |
| v. | * | Related to Vaccine Administration |
| | * | ("SIRVA"); Special Processing Unit |
| | * | ("SPU") |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Mark T. Sadaka, Attorney at Law, Englewood, NJ, for petitioner.*
*Michael P. Milmoe, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

      On March 11, 2015, Joseph Willett ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] (the "Vaccine Act" or "Program"). The petition alleges that as a result of a hepatitis B ("hep B") vaccination on June 8, 2012, petitioner suffered "brachial neuritis and shoulder pain." Petition at 2. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

      On October 5, 2015, respondent filed her Rule 4(c) Report ("Res. Report"), in which she concedes that petitioner is entitled to compensation in this case. Resp. Report at 1, 3. Specifically, respondent "concluded that a preponderance of evidence

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

establishes that the shoulder injury petitioner claims in the petition was caused-in-fact by the administration of his June 8, 2012 hepatitis B vaccination, and that his shoulder pain was not due to factors unrelated to the administration of the vaccine." *Id*. at 3. Additionally, based on the evidence of record, petitioner has satisfied all legal pre-requisites and other requirements for compensation under the Vaccine Act. *Id*. at 3.

Respondent stated that petitioner's "shoulder injury and its sequela are compensable as a 'caused-in-fact' Shoulder Injury Related to Vaccine Administration ('SIRVA') injury under the Act." *Id.* However, respondent made clear "that petitioner is entitled to compensation only for his SIRVA injury related to his June 8, 2012 vaccination, for which he was receiving no medical or therapeutic treatment at the time of his snowboarding accident in early 2014. *Id.*

**In view of respondent's concession and the evidence of record, the undersigned finds that petitioner is entitled to compensation for his vaccine-caused SIRVA injury.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master